**FILED**

## UNITED STATES DISTRICT COURT
## FOR MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

**2018 FEB 16  PM 12: 23**

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

|  |  |
|---|---|
| ASPHALT PAVING SYSTEMS, INC., <br><br> Plaintiff. <br><br> v. <br><br> SOUTHERN STATES PAVEMENT MARKINGS, INC. and MERCHANTS BONDING COMPANY (MUTUAL), <br><br> Defendants. | Civil No.: 3:18-cv-255-J- 34JBT <br><br> **COMPLAINT** <br><br> **JURY TRIAL REQUESTED** |

Plaintiff, Asphalt Paving Systems, Inc. by and through its undersigned counsel, by way of Complaint against Defendants Southern States Pavement Markings, Inc. and Merchants Bonding Company (Mutual) says:

## PARTIES

1.    Plaintiff Asphalt Paving Systems, Inc. ("APS") is a New Jersey corporation with a principal place of business at 500 N. Egg Harbor Road, Hammonton, New Jersey, and thus a citizen of the State of New Jersey.

2.    Defendant Southern States Pavement Markings, Inc. ("SSPMI") is a Florida Corporation with a principal place of business at 305 Porpoise Point Dr., Saint Augustine, Florida, and thus a citizen of the State of Florida.

3.   Defendant Merchants Bonding Company (Mutual) ("Merchants") is a foreign corporation with a principal place of business at 6700 Westown Parkway, West Des Moines, Iowa, and thus a citizen of the State of Iowa.

## JURISDICTION AND VENUE

4.   The amount in controversy in this suit exceeds $75,000.00.

5.   Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1332.

6.   Venue is proper in this District under 28 U.S.C. 1391(b)(1) and 1391(b)(2).

## FACTS COMMON TO ALL COUNTS

7.   APS is engaged in the business of *inter alia* providing paving and highway maintenance services to governmental and private entities in various locations throughout the United States, including Florida.

8.   On or about September 22, 2017, APS entered into a subcontract (the "subcontract") with SSPMI to perform microsurfacing on roads located in District III Bay, Calhoun, Gulf, Jackson, and Washington Counties (the "Project") for the State of Florida Department of Transportation ("FDOT").

9.   As required by the terms of SSPMI's contract with the FDOT, Merchants issued a contract bond bearing Bond No. FLC83672, in the penal sum of $673,178.72.00 (the "Bond"). The Bond was issued to cover "prompt payment to all persons furnishing labor, material, equipment, and supplies" for the Project and "whose claims derive directly or indirectly from the prosecution of the work provided for in the Contract."

10.    Pursuant to the subcontract, APS was to provide microsurfacing on "+/-20,000 LF" of road for $5.00 per linear foot with an estimated subcontract value of "+/-$100,000.00."

11.    The paving pattern APS was directed to complete involved filling seven (7) feet of rumble-strips approximately two (2) inches deep, then continuing the run over five (5) feet of asphalt, and repeating the pattern over and over until the entire area was completed accordingly.

12.    Consistent with the subcontract and industry standard, APS and SSPMI understood the scope of work to mean the linear foot measurement starting from the beginning of the pattern to the end of the pattern.

13.    At no point throughout the Project did SSPMI tell APS that it would not be compensated for every five (5) feet of smooth asphalt it paved.

14.    After completing the Project, SSPMI only paid APS a total of $75,000.00 for filling in the rumble-strips, and refused to pay APS the remaining $75,215.00 for the rest of the work it had done.

15.    Pursuant to Section 713.06, Florida Statutes, APS sent a "Notice to Owner/Notice to Contractor" to the FDOT, SSPMI, and Merchants on October 5, 2017.

16.    On December 19, 2017, APS sent a Notice of Nonpayment to SSPMI and Merchants.

17.    On January 11, 2018, APS sent a written demand to SSPMI and Merchants for the principal balance remaining on the Project.

18.    On January 12, 2018, SSPMI wrote a letter to APS refusing to pay the balance.

19.    As a result of SSPMI's refusal to compensate APS, APS has suffered substantial damages having expended time, labor and materials on completing the full scope of the Project.

20.    Additionally, throughout the Project, SSPMI delayed and/or hindered APS's ability to complete its scope of work, resulting in APS incurring substantial additional costs related to delay.

**COUNT I**
**(Breach of Contract- SSPMI)**

21.    The allegations of all preceding paragraphs are incorporated herein as if set forth at length.

22.    By way of the foregoing conduct, SSPMI has breached its contract with APS.

23.    As a direct and proximate result of those breaches, APS has been damaged.

**WHEREFORE**, Plaintiff Asphalt Paving Systems, Inc. demands judgment against Defendant Southern States Pavement Markings, Inc. for:

A.    Compensatory Damages

B.    Consequential Damages

C.    Attorney's fees, interest and costs of suit; and

D.    Such other and further relief as the Court may deem just and proper.

## COUNT II
## (Unjust Enrichment- SSPMI)

24.    The allegations of all preceding paragraphs are incorporated herein as if set forth at length.

25.    At the request of SSPMI, APS performed microsurfacing work on the Project, for SSPMI's benefit, fully expecting compensation for same.

26.    SSPMI has not paid APS for all activities it performed related to the Project.

27.    APS is entitled to recover the quantum merit value of its work on the Project for which SSPMI has not paid.

**WHEREFORE**, Plaintiff Asphalt Paving Systems, Inc. demands judgment against Defendant Southern States Pavement Markings, Inc. for:

A.    Compensatory Damages

B.    Consequential Damages

C.    Attorney's fees, interest and costs of suit; and

D.    Such other and further relief as the Court may deem just and proper.

## COUNT III
## (Breach of Bond- Merchants)

28.    The allegations of all preceding paragraphs are incorporated herein as if set forth at length.

29.    Merchants issued and executed the Bond for the benefit of APS, an unpaid subcontractor to SSPMI.

30.  Under the terms of the Bond and Fla. Stat. § 337.18, Merchants is liable along with SSPMI to pay APS the outstanding amounts SSPMI owes APS under the subcontract.

31.  APS has met all terms and conditions precedent to payment under the Bond and has timely brought this action within one year of the final acceptance of the work by the FDOT.

32.  SSPMI and Merchants breached their obligations under the Bond by failing to pay APS for the work it performed under the subcontract.

33.  As a direct result of SSPMI and Merchants's breaches, APS has been damaged.

**WHEREFORE**, Plaintiff Asphalt Paving Systems, Inc. demands judgment against Merchants Bonding Company (Mutual) and Southern States Pavement Markings, Inc. for:

A.  Compensatory Damages

B.  Consequential Damages

C.  Attorney's fees, interest and costs of suit; and

D.  Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff, Asphalt Paving Systems, hereby demands a Trial by Jury as to all issues contained herein.

Respectfully submitted this 13th day of February, 2018.

By Attorney for Plaintiff: _____

Amy R. Weintrob
New Jersey Bar No. 042241996
Florida Bar No. 96032
Hankin Sandman Palladino & Weintrob
30 S. New York Ave.
Atlantic City, NJ 08401
(609) 344-5161
Fax: (609) 344-7913
E-mail: amyr@hankinsandman.com