UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ASPHALT PAVING SYSTEMS, INC.,

        Plaintiff,

vs.                               Case No. 3:18-cv-255-J-34JBT

SOUTHERN STATES PAVEMENT
MARKINGS, INC. and MERCHANTS
BONDING COMPANY (MUTAL),

        Defendants.

_____/

## O R D E R

**THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279-1280 (11th Cir. 2001); see also Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking").

On February 16, 2018, Plaintiff Asphalt Paving Systems, Inc. (Asphalt Paving), filed its Complaint (Doc. 1), asserting that the Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. See Complaint ¶ 5. Plaintiff further asserts that the amount in controversy exceeds $75,000. Id. at ¶ 4. In the Complaint, Asphalt Paving alleges that it is a "New Jersey corporation with a principal place of business" in New Jersey and "thus

a citizen of the State of New Jersey." Id. at ¶ 1. Asphalt Paving brings this action against two defendants, Southern States Pavement Markings, Inc. (Southern States Pavement), and Merchants Bonding Company (Mutual) (Merchants Bonding). Asphalt Paving asserts that defendant Southern States Pavement is "a Florida Corporation with a principle place of business" in Florida, and thus is "a citizen of the State of Florida." Id. at ¶ 2. As to defendant Merchants Bonding, Asphalt Paving asserts that the company is a "foreign corporation with a principal place of business" in Iowa, and "thus a citizen of the State of Iowa." Id. at ¶ 3. Upon review of these allegations, the Court is unable to determine whether it has diversity jurisdiction over this action because Plaintiff has inadequately pled the citizenship of Merchants Bonding.

For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants." Univ. of S. Ala., 168 F.3d at 412. Relevant to this action, for the purposes of establishing diversity jurisdiction, a corporation, however, "'shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'" Hertz Corp. v. Friend, 559 U.S. 77, 81 (2010) (quoting 28 U.S.C. § 1332(c)(1)) (emphasis omitted). Thus, to sufficiently allege the citizenship of a corporation, a party must identify its states of incorporation and principal place of business. See Rolling Greens MHP, L.P. v Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1021-22 (11th Cir. 2004); 28 U.S.C. § 1332(c)(1). Here, Asphalt Paving identifies Merchants Bonding's principle place of business but fails to identify the state in which the entity is incorporated. See Complaint ¶ 3. Hence, the information presently

alleged in the Complaint is insufficient for the Court to establish subject matter jurisdiction over this action.[1]

In light of the foregoing, the Court will give Asphalt Paving an opportunity to file an amended complaint which properly establishes diversity of citizenship between the parties such that this Court has jurisdiction over this action.[2]

Accordingly, it is **ORDERED**:

1. Plaintiff Asphalt Paving's Complaint (Doc. 1) is **STRICKEN**.
2. Plaintiff shall file an amended complaint curing jurisdictional deficiencies on or before March 6, 2018. Failure to do so may result in a dismissal of this action.

---

[1]Indeed, carefully ascertaining the citizenship of the parties and whether the Court has subject matter jurisdiction over this action is more than just an academic exercise, as is evident from two recent Eleventh Circuit cases. See Thermoset Corp. v. Bldg. Materials Corp of Am., 849 F.3d 1313, 1315-1317 (11th Cir. 2017) (vacating summary judgment order after three years of litigation where court determined on appeal that the pleadings below had not sufficiently alleged the citizenship of a defendant limited liability company, and upon further inquiry, found that the defendant limited liability company had a non-diverse member); see also Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, 1221-1222, 1228 (11th Cir.) (discussing whether sanctions were warranted in a case where summary judgment was reversed on appeal after the appellate court discovered that the pleadings did not sufficiently allege the citizenship of the plaintiff LLC, leading to the realization that there was no diversity jurisdiction) ("While the requirements of diversity jurisdiction in this scenario are complicated, they are the law. No party in this case acted with bad intentions, but the result was a colossal waste of time and effort. We trust that the damage done to the parties' credibility, finances, and time is enough of a sanction to curb their conduct and to serve as a warning to future diversity jurisdiction litigants. In the end, when the parties do not do their part, the burden falls on the courts to make sure parties satisfy the requirements of diversity jurisdiction. We must be vigilant in forcing parties to meet the unfortunate demands of diversity jurisdiction in the 21st century.").

[2]The party seeking to invoke the Court's diversity jurisdiction bears the burden of establishing by a preponderance of the evidence that the jurisdictional prerequisites are met. See McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002); see also Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994) (noting that the "pleader must affirmatively allege facts demonstrating the existence of jurisdiction").

3. Defendants shall respond to any amended complaint in accordance with the requirements of Rule 15 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** at Jacksonville, Florida on February 20, 2018.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

lc26
Copies to:

Counsel of Record
Pro Se Parties